UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM G. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1545 (JCH) |
| ) | |
| JAY ENGELHARDT, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The matter is before the Court on Defendants' Motion to Dismiss (Doc. No. 10), filed November 30, 2007. Plaintiff has failed to file a response.

Plaintiff is currently committed in the Missouri Sex Offender Treatment Center ("MSOTC"), due to his status as a sexually violent predator. (Mot. to Dismiss, Doc. No. 10 at p. 1). On August 30, 2007, Plaintiff filed this 42 U.S.C. § 1983 action alleging that Defendants, in their individual and personal capacities, are forcing him to take psychotropic drugs. (Compl., Doc. No. 1 at p. 1). He has since filed "Supplemental Complaints" alleging other occasions when he was forced to take psychotropic drugs. (Supplemental Compl., Doc. No. 6-8). He also claims that he was raped. (Doc. No. 7 at pp. 2-3). In his Complaint, Plaintiff only asks for "injunctive relief immediately, and any other relief." (Compl. at p. 3).

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable

1

inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965. Finally, a pro se complaint should be construed liberally. Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

## DISCUSSION

Defendants assert that they are protected by Eleventh Amendment immunity. The Eleventh Amendment bars suits against the state or its officials "acting in their official capacity." Morstad v. Dep't of Corrs. & Rehab., 147 F.3d 741, 743 (8th Cir. 1998). The Eleventh Amendment, however, does not bar claims against individuals sued in their personal capacity. Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Plaintiff, however, must clearly state in his complaint that he is suing the individuals in a personal capacity. Id.

Upon consideration, the Court finds that this argument does not warrant dismissal. Plaintiff has stated that he is suing in the defendants in their personal capacity. As such, the Eleventh Amendment has no effect on his claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 10) is **DENIED**.

Dated this 8th day of February, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE